NO. 8983.

COURT OF APPEAL

PARISH OF ORLEANS

**8983**

CHARLES A. HEINZ

versus

ROBERT W. MARKEL.

Court of Appeal
Parish of Orleans
Filed 3/19/23
H. J. Stansbury

Dinkelspiel; J.

Plaintiff institutes this suit alleging that he entered into a contract with defendant to install certain plumbing, furnish certain material and do certain work on the premises No. 7809 Sycamore Street, which amounted to the sum of $526.50. That of said amount he received $400.00, leaving a balance due and owing of $126.50; he annexed to his petition statement of his account, alleges amicable demand and prays for judgment.

In answer, after denying generally all the allegations of plaintiff's petition, defendant admits that plaintiff performed certain work on the premises in question, but that the amount stated was incorrect, and there was a general indebtedness between plaintiff and defendant on other matters not connected with plaintiff's account, but on previous transactions and claimed that he owed plaintiff only the sum of $5.52, on this particular transaction, and that in other matters growing out of prior transactions there was an indebtedness due defendant, which he claimed should be allowed to him in this case; hence prayed that the original suit be dismissed and that he be allowed the sum claimed.

It would accomplish no good object to enter into details of this controversy. An examination of this record proves that plaintiff/owned the property on Sycamore Street, after a fire was to do certain plumbing work at a certain price to be paid him by the defendant, that he performed this work to the defendant's entire satisfaction and the defendant time and again promised payment of the balance due plaintiff; he failed in keeping his promise, never denied the work had been done, but insisted on the trial of this case that on other work done there was due him a certain amount of money which should be offset and that judgment should be rendered in his favor for the amount of his claim in these other matters.

Code of Practice. Art. 375. "In order to entitle the defendant to institute a demand in reconvention, it is requisite

that such demand, though different from the main action, be nevertheless necessarily connected with and incidental to same."

"Compensation takes place only between two debts which are equally liquidated and demandable."

Wm. L. Weil vs. Marcel Bernard, 4th Ct. App. 463.

The record further demonstrates that the Sycamore contract was separate and distinct and all other matters were closed and adjusted.

The Judge of the Court aqua in his judgment in favor of plaintiff, reserved to defendant, the right if any he had, in a direct suit on any claim he may have. This in our opinion was all that the defendant had a right to.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aqua be and the same is hereby affirmed, costs of both Courts to be paid by defendant.